UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

MELVIN RONALDO ARGUERA-RODRIGUEZ,

Petitioner,

v.

FERETI SEMAIA, et al.,

Respondents.

Case No. 5:26-cv-05518-FLA (PVC)

**ORDER GRANTING IN PART PETITIONER'S MOTION FOR TEMPORARY RESTRAINING ORDER [DKT. 3]**

On September 21, 2026, Petitioner Melvin Ronaldo Arguera-Rodriguez ("Petitioner," A# 246-062-165), in pro se, filed a Petition for Writ of Habeas Corpus ("Petition," Dkt. 1), pursuant to 28 U.S.C. § 2241, challenging his detention by United States Immigration and Customs Enforcement. Dkt. 1. That same day, Petitioner filed a Motion for Temporary Restraining Order and ("Motion"), requesting the court prohibit his transfer from the Adelanto detention facility to another facility and his removal from the United States, during the pendency of the subject proceedings. Dkt. 3 at 2.

On September 28, 2026, Respondents filed an Answer to the Petition, in which they argue the court should not order Petitioner to be released. Dkt. 10 at 2–3.

Respondents do not address Petitioner's request for an order barring his removal from the United States or transfer from this district. *See id.*

The court, therefore, GRANTS the Motion and ORDERS that Petitioner shall not be removed from the United States during the pendency of the subject *habeas* proceedings, absent further order by this court. *See Cal. Energy Comm'n v. Johnson*, 767 F.2d 631, 634 (9th Cir. 1985) ("The All Writs Act, 28 U.S.C. § 1651(a), empowers the federal courts to issue writs of mandamus necessary to protect their prospective jurisdiction."); *see also Belbacha v. Bush*, 520 F.3d 452, 455–56 (D.C. Cir. 2008) ("If a case presents a 'substantial' jurisdictional question, then under the All Writs Act, 28 U.S.C. § 1651, a district court may act to preserve its jurisdiction while it determines whether it has jurisdiction.").

Further, given Petitioner's interest in participating in further proceedings before this court, it is ORDERED that Petitioner shall not be transferred outside this District, absent further order by this court. *See United States v. United Mine Workers of Am.*, 330 U.S. 258, 293 (1947) (holding "the District Court had the power to preserve existing conditions while it was determining its own authority to grant injunctive relief"). The Motion is otherwise DENIED for failure to establish imminent, irreparable harm that cannot be addressed by the standard scheduling order or by expediting the briefing schedule. *See* Dkt. 6 at 5–6.

IT IS SO ORDERED.

Dated: September 28, 2026

FERNANDO L. AENLLE-ROCHA
United States District Judge